**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**SHELVA KING**                                                                    **PLAINTIFF**

**VS.**                                          CIVIL ACTION NO.: 3:22-cv-728-DPJ-FKB

**HINDS COUNTY, MISSISSIPPI
A/K/A HINDS COUNTY BOARD OF SUPERVISORS;
DAVID L. ARCHIE, INDIVIDUALLY,
AND IN HIS OFFICIAL CAPACITY; AND
ROBERT GRAHAM, INDIVIDUALLY,
AND IN HIS OFFICIAL CAPACITY**                               **DEFENDANTS**

**COMPLAINT
JURY TRIAL DEMANDED**

  **COMES NOW** the Plaintiff, Shelva King, by and through her counsel, Watson &

Norris, PLLC, and files this action against Defendants Hinds County, Mississippi a/k/a

Hinds County Board of Supervisors; David L. Archie, individually and in his official

capacity as Supervisor and Member of the Hinds County Board of Supervisors, and

Robert Graham, individually and in his official capacity as Supervisor and Member of the

Hinds County Board of Supervisors, for violation of her rights under the First Amendment

– Retaliation and against Defendants David Archie, individually, Robert Graham,

individually, for violation of her rights under the First Amendment – Retaliation and for

tortious interference with employment.  In support of this cause, the Plaintiff would show

unto the Court the following facts to-wit:

**PARTIES**

  1. The Plaintiff, Shelva King, is an adult female resident citizen of Hinds

County, Mississippi.

2.      Defendant, Hinds County, Mississippi, a/k/a Hinds County Board of Supervisors, may be served with process by serving the President of the Board of Hinds County Board of Supervisors, Credell Calhoun, at 316 S. President St., Jackson, Mississippi 39201.

3.      Defendant, David L. Archie, individually and in his official capacity as Supervisor and Member of the Hinds County Board of Supervisors, may be served at: Hinds County Board of Supervisors, 316 S. President St., Jackson, Mississippi 39201.

4.      Defendant, Robert Graham, individually and in his official capacity as Supervisor and Member of the Hinds County Board of Supervisors, may be served at: Hinds County Board of Supervisors, 316 S. President St., Jackson, Mississippi 39201.

## JURISDICTION AND VENUE

5.      This Court has federal question jurisdiction and venue is proper in this Court.

6.      This action arises under the First Amendment through 42 U.S.C §1983 and Mississippi law.

## STATEMENT OF THE FACTS

7.      Shelva King is a 66-year-old female resident of Hinds County and Jackson, Mississippi.

8.      Plaintiff was originally hired in 1987 to work at the Hinds County Justice Court under Hinds County Justice Court Clerk Karen Hairston.

9.      Plaintiff left that job in 1993, and then in February 2008 Plaintiff was re-hired to the Hinds County Purchasing Department where she served as a Civil Services Clerk under Purchasing Director Shirley Partee.

10.     In 2011, Plaintiff was promoted to the position of Hinds County Purchasing Agent.

11.     In November 2013, Darrell McQuirter became the new Hinds County Supervisor of District Two, and he promoted Ms. King to the position of Special Project Officer in his office.

12.     Prior to her termination, Plaintiff was never written up or received any disciplinary actions against her.

13.     Every four years, elections are held for the Supervisors of the various districts of Hinds County.

14.     In November 2019, the incumbent Supervisor of District Two, Mr. McQuirter, ran in the hopes of retaining the position but was defeated by David Archie.

15.     In the run up to the election in 2019, there was significant tension between Mr. McQuirter and Mr. Archie.

16.     The Supervisor of District One and the President of the HCBS, Robert Graham, strongly supported Mr. Archie.

17.     Ms. King strongly supported her boss for the previous six years, Mr. McQuirter, by physically campaigning by placing magnets on her vehicle in support of McQuirter and canvasing local neighborhoods such as Presidential Hills, Queens, Grove Park and Bellaire for Mr. McQuirter which was known by both Graham and Archie because they physically observed Plaintiff actively campaigning for McQuirter.

18.     Whereas the interaction between Mr. Graham and Ms. King had previously always been very warm and friendly for years, their disagreement about who should be elected as the new District Two Supervisor caused a cold tension mounting into hostility to evolve in the latter months of 2019.

3

19.    Mr. Graham was fully aware and became overtly scornful regarding Ms. King's support of Mr. McQuirter in the election.

20.    After Mr. McQuirter lost in the election to Mr. Archie, Mr. Graham instructed County Administrator Carmen Davis not to hire any of Mr. McQuirter's former employees to work for Hinds County.

21.    Carmen Davis informed Plaintiff of that fact that Mr. Graham instructed her not to hire any of Mr. McQuirter's former employees to work for Hinds County.

22.    Specifically, Mr. Graham instructed Ms. Davis not to assign Ms. King to any position.

23.    On December 5, 2019, Ms. King received a letter from Ms. Davis stating that District Two was being "reorganized" and that "restructuring of staff" was necessary and her position would end on December 31, 2019.

24.    On December 17, 2019, Ms. King received another letter from Ms. Davis stating that her assignment as a Special Project Officer for District Two would end on December 31, 2019.

25.    No reason for the termination was given.

26.    Ms. King followed up with Ms. Davis and asked if there was a different position she could occupy, but Ms. Davis said there was not.

27.    It is noteworthy that Ms. King's position of Special Project Officer was not eliminated (i.e., it was not eliminated in the alleged 'reorganization' or the 'restructuring') and she was replaced by Kathy Sykes.

## CAUSES OF ACTION

### COUNT I:  VIOLATION OF FIRST AMENDMENT THROUGH 42 U.S.C §1983 – RETALIATION AGAINST DEFENDANT HINDS COUNTY, MISSISSIPPI A/K/A HINDS COUNTY BOARD OF SUPEVISORS; DEFENDANT DAVID L. ARCHIE,

**INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS SUPERVISOR AND MEMBER OF THE HINDS COUNTY BOARD OF SUPERVISORS; AND DEFENDANT ROBERT GRAHAM, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS SUPERVISOR AND MEMBER OF THE HINDS COUNTY BOARD OF SUPERVISORS**

28.     Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 27 above as if fully incorporated herein.

29.     As described in detail above, Plaintiff was unlawfully retaliated against for campaigning for Darrell McQuirter against David L. Archie who was supported by Robert Graham and eventually won the race for that position.

30.     As a result of her actions, Defendants unlawfully retaliated against Plaintiff and terminated Plaintiff's employment from Hinds County, Mississippi as the Special Projects Officer on December 31, 2019, resulting in a significant loss of employment income and benefits.

31.     Plaintiff has been harmed as a result of this unlawful retaliation, and these Defendants are liable to Plaintiff for the same.

32.     The acts of these Defendants constitute a willful intentional violation of the First Amendment and entitle Plaintiff to the recovery of damages.

**COUNT II:  VIOLATION OF FIRST AMENDMENT THROUGH 42 U.S.C §1983 – RETALIATION AGAISNT DEFENDANT DAVID L. ARCHIE, INDIVIDUALLY; AND DEFENDANT ROBERT GRAHAM, INDIVIDUALLY**

33.     Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 32 above as if fully incorporated herein.

34.     As described in detail above, Plaintiff was unlawfully retaliated against for campaigning for Darrell McQuirter against David L. Archie who was supported by Robert Graham and eventually won the race for that position.

35.     As a result of her actions, Defendants unlawfully retaliated against Plaintiff and terminated Plaintiff's employment from Hinds County, Mississippi as the Special Projects Officer on December 31, 2019, resulting in a significant loss of employment income and benefits.

36.     Plaintiff has been harmed as a result of this unlawful retaliation, and these Defendants are liable to Plaintiff for the same.

37.     The acts of these Defendants constitute a willful intentional violation of the First Amendment and entitle Plaintiff to the recovery of damages.

### COUNT III: TORTIOUS INTERFERENCE – DEFENDANT DAVID L. ARCHIE, INDIVIDUALLY; AND DEFENDANT ROBERT GRAHAM, INDIVIDUALLY

38.     Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 37 above as if fully incorporated herein.

39.     Plaintiff enjoyed an oral at-will employment relationship in her position as Special Project Officer for Hinds County, Mississippi.

40.     Defendants David L. Archie and Robert Graham tortiously interfered with Plaintiff's employment relationship with Hinds County, Mississippi as the Special Project Officer and Plaintiff has suffered damages as a result of Defendant David L. Archie's and Robert Graham's actions.

41.     As such, Plaintiff is seeking an award of compensatory damages in an amount to be determined by the jury to fully compensate her for Defendants David L. Archie's and Robert Graham's actions in tortiously interfering with her employment relationship with Hinds County, Mississippi.

42.     In addition, the Defendants David L. Archie's and Robert Graham's actions were done maliciously with the intent to cause Plaintiff injury.  This is evidenced

by the fact that after the election, both Archie and Graham verbally instructed Carmen Davis to terminate Plaintiff after the election.

42.    As such, Plaintiff is entitled to an award of punitive damages against Defendants David L. Archie, individually, and Robert Graham, individually, in an amount to be determined by the jury.

### PRAYER FOR RELIEF

**WHEREFORE PREMISES CONSIDERED**, Plaintiff respectfully prays that upon hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount to be determined by the jury:

1.    Reinstatement or future wages in lieu of reinstatement;
2.    Back pay and lost benefits;
3.    Compensatory damages;
4.    Punitive Damages;
5.    Attorney's fees;
6.    Costs and expenses; and
7.    Any other relief to which she may be properly entitled.

THIS, the 16th day of December 2022.

Respectfully submitted,

SHELVA KING, PLAINTIFF

By: /s/Louis H. Watson, Jr.
    Louis H. Watson, Jr.  (MB# 9053)
    Nick Norris (MB#101574)
    Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
4209 Lakeland Drive # 365
Flowood, Mississippi 39232-9212
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
Email: louis@watsonnorris.com
        nick@watsonnorris.com