UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

SHELVA KING                                                                                          PLAINTIFF

V.                                                              CIVIL ACTION NO. 3:22-CV-728-DPJ-FKB

HINDS COUNTY, MISSISSIPPI, ET AL.                                                       DEFENDANTS

ORDER

Defendants Hinds County, Mississippi, a/k/a Hinds County Board of Supervisors; David L. Archie, individually and in his official capacity; and Robert Graham, individually and in his official capacity, seek dismissal of Plaintiff Shelva King's claims in this First Amendment retaliation case. Mot. [19]. As explained below, Defendants' motion is granted in part as to the retaliation claim against Archie but denied in all other respects.

I.      Facts and Procedural History

In 2008, Hinds County hired King to work in its Purchasing Department as a Civil Services Clerk. Over the next five years, she received two promotions; the second occurred when Darrell McQuirter joined the Hinds County Board of Supervisors and made King the Special Project Officer in his office.

In 2019, McQuirter sought re-election, but Defendant David L. Archie ran against him. King alleges that "[i]n the run up to the election . . . , there was significant tension between Mr. McQuirter and Mr. Archie," and Defendant Robert Graham, another supervisor, "strongly supported Mr. Archie." Am. Compl. [16] ¶¶ 15–16. For her part, King "strongly supported" McQuirter and campaigned for him. Id. ¶ 17. King says Graham and Archie knew of her work on McQuirter's re-election campaign, and her relationship with Graham soured "in the latter months of 2019." Id. ¶ 18.

Ultimately, Archie defeated McQuirter, and, following the election, Graham "instructed County Administrator Carmen Davis not to hire any of Mr. McQuirter's former employees to work for Hinds County." *Id.* ¶ 20. In December 2019, Davis sent King two letters informing her that her position with Hinds County would end on December 31, 2019. *Id.* ¶ 23–24. And when the Board of Supervisors' new term began in January 2020, "[o]ne of their first orders of business was to vote to re-employ the employees of . . . Hinds County"; King was intentionally omitted from that "slate of employees." *Id.* ¶¶ 29–30.

Believing Defendants retaliated against her for supporting McQuirter in his reelection campaign, King filed this lawsuit. She asserts a claim under 42 U.S.C. § 1983 for First Amendment retaliation against all Defendants and a claim for tortious interference with employment relationship against Archie and Graham in their individual capacities. Defendants moved to dismiss, the motion is fully briefed, and the Court has personal and subject-matter jurisdiction over the dispute.

II.  Standard

Defendants seek dismissal under Federal Rule of Civil Procedure 12(b)(6). In considering a motion under that rule, the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). To overcome a Rule 12(b)(6) motion, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations and footnote omitted).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). "This standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir. 2008) (citing *Twombly*, 550 U.S. at 556).

III.    Analysis

   A.    Tortious-Interference Claim

While Defendants seek dismissal of the entire Amended Complaint, they never separately address the tortious-interference claim. If they intended to address it by arguing that King was an at-will employee, "[t]he Mississippi Supreme Court has held that tortious interference with at-will contracts of employment is a viable claim." *Watkins v. Oakes*, 318 So. 3d 1125, 1129 (Miss. Ct. App. 2020) (citing *Levens v. Campbell*, 733 So. 2d 753, 760 (Miss. 1999)). Without a legal argument to support dismissal of this claim, the Court denies this portion of Defendants' motion.

   B.    First Amendment Retaliation Claim under 42 U.S.C. § 1983

Section 1983 creates a cause of action against "[e]very person who, under color of" state law deprives the plaintiff any "rights, privileges, or immunities secured by the Constitution and laws" of the United States. King says Defendants violated her First Amendment rights. To make that claim, she must show "(1) [she] has suffered an adverse employment decision, (2) [her] speech involved a matter of public concern, (3) [her] interest in speaking outweighed the

3

governmental defendant's interest in promoting efficiency, and (4) the protected speech motivated the defendant's conduct." *Culbertson v. Lykos*, 790 F.3d 608, 617 (5th Cir. 2015) (quoting *Kinney v. Weaver*, 367 F.3d 337, 356 (5th Cir. 2004)).

Defendants say King's claim must be dismissed because she was an at-will employee; failed to plead facts showing she was fired because of her speech; and failed to show Defendants had authority to fire her. Defendants raised additional arguments in their reply, but the Court limits its review to the arguments King was given an opportunity to address.[1]

**At-will employment argument.** Defendants first say that because King was an at-will employee, she cannot succeed on a retaliatory-discharge claim. They offer no legal authority for applying the at-will employment doctrine to a First Amendment retaliation claim under § 1983, and the Fifth Circuit has rejected their position. As stated in *Cabrol v. Town of Youngsville*, "an at-will public employee may not be discharged for exercising h[er] First Amendment right to freedom of expression." 106 F.3d 101, 108 (5th Cir. 1997) (citing *Thompson v. City of Starkville*, 901 F.2d 456, 460 (5th Cir. 1990)); *see also Rankin v. McPherson*, 483 U.S. 378, 383–84 (1987) ("Even though [plaintiff] was merely a probationary employee, and even if she could have been discharged for any reason or for no reason at all, she may nonetheless be entitled to reinstatement if she was discharged for exercising her constitutional right to freedom of expression.").

**Causation argument.** Defendants next argue that King "plead[ed] no facts to show that Defendants were motivated to terminate her due to her speech." Defs.' Mem. [20] at 4. But King alleges that (1) "Graham[] strongly supported Archie[,]" Am. Compl. [16] ¶ 16; (2) Graham "observed Plaintiff actively campaigning for McQuirter," *id.* ¶17; (3) despite a "very

---

[1] This Order addresses only what has been argued.

4

warm and friendly" relationship between King and Graham before the election, "their disagreement about who should be elected as the new District Two Supervisor caused a cold tension mounting into hostility to evolve in the latter months of 2019," *id.* ¶ 18, such that Graham "became overly scornful regarding Ms. King's support of Mr. McQuirter[,]" *id.* ¶ 19; (4) County Administrator Carmen Davis told King that Graham instructed her not to rehire "any of Mr. McQuirter's former employees[,]" *id.* ¶¶ 20–21; and (5) Davis then informed King that her employment was terminated, *id.* ¶ 23–24.

These pleaded facts plausibly indicate that King's speech motivated Graham to force the termination of her employment. *See In re S. Scrap Material Co., LLC*, 541 F.3d at 587 (noting that Rule 8 requires "enough fact to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements"). Plus, "[c]lose timing between an employee's protected activity and an adverse employment action can be a sufficient basis for a court to find a causal connection required to make out a *prima facie* case of retaliation." *Mooney v. Lafayette Cnty. Sch. Dist.*, 538 F. App'x 447, 454 (5th Cir. 2013).

**Authority-to-fire argument.** Defendants also say that neither Graham nor Archie employed King or had authority to fire or fail to re-hire her. Defs.' Mem. [20] at 5. But they offer no legal authority suggesting that a defendant must be the plaintiff's "boss" to incur liability. *See* Defs.' Reply [26] at 9. King plausibly pleaded that Graham caused her to be fired. And absent legal authority indicating that a § 1983 defendant who causes an adverse action must be the final decisionmaker, the Court cannot credit this argument.[2]

---

[2] If Graham asserts this argument again, he will need to address cases like *Kinney v. Weaver*, 367 F.3d 337, 358 (5th Cir. 2004) (holding that plaintiffs could bring First Amendment retaliation claims against county officials who were not their employers but who exerted "indirect" pressure resulting in adverse action), and *Sims v. City of Madisonville*, 894 F.3d 632, 639 (5th Cir. 2018) (holding that "individual liability for a government official who violates constitutional rights,

The analysis is different for Archie. The County told King in December 2019 that her job would not be renewed. Am. Compl. [16] ¶ 23–24. And according to King, her employment ended December 31, 2019. *Id.* That was before Archie became a Hinds County Supervisor, so he was not "clothed with the authority of state law" when King suffered the adverse employment action. *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)); *see id.* at 48 ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States[] and must show that the alleged deprivation was committed by a person acting under color of state law."). If King bases her claim on her termination from employment in December 2019, Archie cannot be liable under § 1983.

King disagrees, arguing that Archie can be held liable because after he was sworn in, he "vote[d] on a slate of employees [to re-employ] that intentionally did not list" her. Am. Compl. [16] ¶ 30. Relying on *Brady v. Fort Bend County*, King says "[t]he actions of an individual . . . become acts under color of state law when the individual takes public office and does not hire the plaintiff." Pl.'s Resp. [22] at 4 (citing 145 F.3d 691 (5th Cir. 1998)). But *Brady* is different. There, the defendant was a newly elected sheriff who sent "letters to the [p]laintiffs [after the election] indicating that he did not intend to hire them." 145 F.3d at 701. When he later assumed office, the sheriff "reaffirmed his intention not to rehire the [p]laintiffs and gave effect to that intent by not rehiring" them. *Id.* The Fifth Circuit concluded that when the newly elected

---

including First Amendment ones, turns on traditional tort principles of 'but-for' causation" and not on whether defendant was final decisionmaker) (citing *Jett v. Dall. Indep. Sch. Dist.*, 798 F.2d 748, 758 (5th Cir. 1986) (requiring only that plaintiff show "an affirmative causal link" where defendant had no authority over employment decision), *aff'd in part, remanded in part on other grounds*, 491 U.S. 701 (1989)).

sheriff failed to rehire the plaintiffs, "he was a state actor wielding the [county's] policymaking authority . . . with respect to filling available deputy positions in the sheriff's department." *Id.*

Unlike the sheriff in *Brady*, there are no pleaded facts suggesting that Archie did anything before or after taking office to exclude King from the list of employees who were rehired in January 2020 (assuming this claim includes an adverse action for failure to rehire). The First Amendment claim is dismissed as to Archie, but dismissal is without prejudice because it is not yet apparent that the defects in the Amended Complaint cannot be cured. *See Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000) (citation omitted) (holding that courts should not dismiss claim "without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so").

**Additional arguments in reply.**  Defendants take a fuller swing at the issues in their reply, but their augmented arguments offer almost no legal authority. The Court will not address each unsupported contention but was not persuaded anyway. As one example, Defendants argue that Davis's alleged statements to King about conversations Davis had with Graham cannot state a claim because "plaintiff did not witness" the conversations Davis recounted and "has no firsthand knowledge of" those conversations. Defs.' Reply [26] at 8. That might be true under Federal Rule of Civil Procedure 56, but under Rule 12(b)(6), King must simply plead "enough fact to raise a reasonable expectation that discovery[, like Davis's deposition,] will reveal evidence of the necessary claims or elements." *In re S. Scrap Material Co., LLC*, 541 F.3d at 587.  She need not prove her case with admissible evidence in her complaint.

Defendants also offer a new argument. According to them, King's allegations fail to state the third element of her retaliation claim—that her "interest in speaking outweighed the

7

governmental defendant's interest in promoting efficiency." *Culbertson*, 790 F.3d at 617; *see* Defs.' Reply [26] at 12. King deserves an opportunity to address that argument, which is why "district courts []refuse to consider arguments raised for the first time in reply briefs." *Gillaspy v. Dall. Indep. Sch. Dist.*, 278 F. App'x 307, 315 (5th Cir. 2008). Defendants may raise the issue at the summary-judgment stage; for now, the retaliation claim survives against Hinds County and Graham.

IV.     Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For these reasons, Defendants' motion to dismiss [19] is granted in part as to the § 1983 First Amendment retaliation claim against Archie. The motion is otherwise denied. The parties are directed to contact the chambers of United States Magistrate Judge F. Keith Ball within 10 days of the entry of this order to reset the case-management conference. At that conference, Judge Ball can set a deadline for amended pleadings.

**SO ORDERED AND ADJUDGED** this the 21st day of November, 2023.

                                    s/ *Daniel P. Jordan III*
                                    CHIEF UNITED STATES DISTRICT JUDGE